Hazel L. CRAWFORD, Plaintiff—Appellant,

v.

UNITED STATES of America, Defendant—Appellee.

No. 06–35783.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2007.

Filed Sept. 7, 2007.

Tim Cook, Esq., Cook and Associates, Anchorage, AK, Paul H. Bratton, Jr., Esq., Talkeetna, AK, for Plaintiff–Appellant.

Susan Lindquist, Esq., Office of the U.S. Attorney, Anchorage, AK, for Defendant–Appellee.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Crawford appeals from the district court's summary judgment in favor of the Government. We review de novo. *See Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004).

Under Alaska law, "[d]uty, breach of duty, causation, and harm are the separate and distinct elements of a negligence claim, all of which must be proven before a defendant can be held liable for the plaintiff's injuries." *Lyons v. Midnight Sun Transp. Servs., Inc.*, 928 P.2d 1202, 1204 (Alaska 1996) (per curiam) (citation omitted). A landowner must "act as a reasonable person in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk." *Webb v. Sitka*, 561 P.2d 731, 733 (Alaska 1977) (footnote omitted). Included in this duty is the "duty to warn of hidden dangers of which the entering person is unaware." *Moloso v. State*, 644 P.2d 205, 219 (Alaska 1982).

█ Crawford contends that reversal is warranted because she has raised genuine issues of material fact. She argues that even if the Government's immunity arguments protect it from liability as to the original construction by independent contractors, she has presented credible evidence that the sidewalk and ramp where she was injured were altered subsequent to their original construction. Her expert witness, engineer Jay Smith, testified in an affidavit that assuming that the "as built" drawing was accurate upon completion,

significant modifications had subsequently been made to the parking area, ramps, and sidewalks. Viewing the evidence in the light most favorable to Crawford, we hold that Crawford has raised a genuine issue of material fact as to whether the sidewalk and ramp were altered subsequent to the original construction.

█ Crawford also contends that there is a genuine issue of material fact as to whether the Government had a duty to warn about the curb height. Crawford supports her claim with a report from Jay Smith which was attached to his affidavit. That report states that the curb was unusually high and that the curb height likely contributed to Crawford's fall. We hold that Crawford has raised a genuine issue of material fact as to whether the height of the curb presented a hidden danger of which the Government had a duty to warn.

### REVERSED and REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.